08-5717-ag
Volaj v. Holder

BIA
Gordon-Uruakpa, IJ
A098 906 310

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of December, two thousand nine.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges.*

_____

ARTA VOLAJ,

> *Petitioner*,

> v.                                              08-5717-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*

> *Respondent.*

_____

> \* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**          Linda L. Foster, Fresh Meadows, NY.

**FOR RESPONDENT:**          Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Arta Volaj, a native and citizen of Albania, seeks review of an October 29, 2008 order of the BIA affirming the April 6, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arta Volaj*, No. A098 906 310 (B.I.A. Oct. 29, 2008), *aff'g* No. A098 906 310 (Immig. Ct. N.Y. City April 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When, as here, the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that

2

decision without expressly addressing each of the grounds, we review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

Substantial evidence supports the IJ's conclusion that, because of changed country conditions in Albania, Volaj's fear of future persecution is not well-founded. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006). Even if an applicant establishes that she endured past persecution, the presumption of a well-founded fear that arises upon such a showing may be rebutted if the IJ finds that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in her country of nationality on account of one of the five statutory grounds. 8 C.F.R. § 1208.13(b)(1).

Here, the IJ reasonably found, based on Volaj's

testimony, that even if Volaj suffered past persecution, her fear of future persecution was not well-founded. Volaj's asylum claim was based on persecution she and other members of the Democratic Party suffered at the hands of the Socialist commune leader in their area. Yet, as the IJ found, because that commune leader no longer held a position of power, and the position was filled by a member of the Democratic Party, Volaj's fear of persecution was not objectively reasonable. The IJ reasonably found that because the police in her area work for the commune leader, Volaj would have redress were police to mistreat her. Under these circumstances, the IJ did not err in denying Volaj's asylum application. *See Hoxhallari*, 468 F.3d at 187; *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Although Volaj argues that more recent elections in Albania have returned control of many local governments to the Socialist Party, "there is no doubt that there has been a fundamental change in the political structure and government of Albania," notwithstanding that "Democrats have not been continuously in power," and thus the IJ's finding of changed country conditions in Albania is adequate. *Hoxhallari*, 468 F.3d at 188.

Because the issue of changed country conditions is

4

dispositive of Volaj's asylum claim, we do not address whether the persecution she allegedly suffered had a sufficient nexus to a protected ground.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5